## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2018, 10:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas A. Wallace,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 28, 2018<br><br>Court of Appeals Case No.<br>18A-CR-359<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Jr., Judge<br><br>Trial Court Cause No.<br>34D01-1606-F4-604 |

**Najam, Judge.**

## Statement of the Case

Thomas A. Wallace appeals the trial court's revocation of his placement on in-home detention. Wallace raises a single issue for our review, namely, whether the trial court abused its discretion when it revoked his placement.

We affirm.

## Facts and Procedural History

In September of 2016, Wallace pleaded guilty to possession of a narcotic drug, as a Level 5 felony, and unlawful possession of a syringe, a Level 6 felony. The trial court accepted Wallace's plea agreement and, pursuant to that agreement, ordered him to serve a five-year aggregate sentence, with two years of in-home detention and three years suspended to probation.

In January of 2017, the State filed a notice of noncompliance with the terms of in-home detention on the ground that Wallace had failed to properly report and communicate with appropriate officials, but the State later withdrew its notice upon Wallace's compliance. In March, the State filed a second notice of noncompliance due to failed drug tests, Wallace's failure to communicate, and his failure to seek employment. Wallace admitted to the State's allegations, and the court ordered him to return to his placement on in-home detention.

In November, the State filed its third notice of noncompliance on the ground that Wallace had failed six drug tests, had failed to take an additional test, had not attended required weekly meetings and other required classes, and had, on

multiple occasions, visited locations that had not been approved by appropriate staff. Although Wallace had initially reached an agreement with the State to resolve the third notice, the trial court rejected the putative agreement. At an ensuing hearing, Wallace admitted to the State's allegations. The court then revoked Wallace's placement and ordered him to serve the remainder of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[6] Wallace challenges the trial court's revocation of his in-home detention. As we have explained, a defendant "is not entitled to serve a sentence in either probation or a community corrections program." *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). "Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right." *Id.* (quotation marks omitted). And a revocation hearing is civil in nature; as such, the State "need only prove the alleged violations by a preponderance of the evidence." *Id.* On appeal, we will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of his placement, we will affirm its decision to revoke that placement. *Id.*

[7] On appeal, Wallace asserts that the trial court abused its discretion when it revoked his placement on in-home detention. In particular, he asserts that he

was "attempting to be productive and has maintained employment"; that "rehabilitation is not served by simply throwing [him] aside when the process is difficult"; and that "the main goals and concerns of sentencing should not be ignored merely for the ease and efficiency of the court." Appellant's Br. at 7.

[8] Wallace also asserts that the primary goal of sentencing is rehabilitation and that the same considerations should apply in a probation revocation proceeding. That is not the correct standard to apply in reviewing a sentence imposed following the revocation of probation. As we have already noted, probation is a matter of grace and not a matter of right.

[9] Further, Wallace's arguments are simply a request for this Court to reweigh the evidence, which we will not do. The evidence most favorable to the trial court's judgment shows that Wallace had repeatedly violated the conditions of his placement, and that he had first done so almost immediately after his placement began. He had twice failed to comply with the conditions of his placement only to have the trial court allow him to remain in his placement notwithstanding his noncompliance.

[10] Those repeated opportunities aside, Wallace continued to violate the conditions of his placement by failing numerous drug tests and visiting unapproved locations. In light of Wallace's failure to take advantage of the multiple opportunities for his rehabilitation, as shown by his failure to comply with the conditions of his placement outside of the Department of Correction, we cannot say that the trial court abused its discretion. It was only after the State's third

notice of noncompliance the court revoked Wallace's placement and ordered him to serve the balance of his previously suspended term in the Department of Correction. Accordingly, we affirm the trial court's judgment.

[11] Affirmed.

Pyle, J., and Altice, J., concur.